IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID ANDERSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. _____ |
| | § | |
| ULTIMATE MOTORSPORT INC., UMER | § | |
| "OMAR" HASEEB & CHERYL HASEEB, | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S COMPLAINT

Plaintiff David Anderson files this Complaint against Ultimate Motorsport Inc., Umer "Omar" Haseeb, and Cheryl Haseeb, (collectively "Defendants"), showing the Court as follows:

## INTRODUCTION

1.  Beginning in April 2013, and through the end of his employment on April 17, 2017, Defendants failed to pay Plaintiff, an hourly employee, overtime. After Defendant Umer Haseeb left management of the workplace, on January 1, 2017, Defendants Ultimate Motorsport Inc. and Cheryl Haseeb changed Plaintiff's classification from employee status to independent contractor status. This was a blatant misclassification under the law.

2.  Plaintiff brings this suit to recover what he is owed under the FLSA.

## THE PARTIES AND JURISDICTION

3.  Plaintiff David Anderson is a natural person residing in Harris County, Texas. He was employed by Defendants within the past three years. He has standing to file this lawsuit.

4.  Defendant Ultimate Motorsport Inc. ("UMI") is a Texas corporation with its headquarters in Harris County, Texas and may be served with process through its registered

agent: Cheryl L. Haseeb, 10311 Altonbury Lane, Houston, Texas 77031-2805 or wherever she may be found.

5. Defendant Umer "Omar" Haseeb ("Mr. Haseeb") is a former operating manager of Ultimate Sport Inc. He is a natural person who resides in a federal penitentiary. He can be served at CI Big Spring at 1701 Apron Drive, Big Spring, TX 79720. Until he was sent to prison, he was involved in the day-to-day operations of UMI as they relate to defining the terms of employment, UMI's finances; and corporate decisions.

6. Defendant Cheryl Haseeb ("Ms. Haseeb") is the owner of UMI. She is a natural person and can be served at 10311 Altonbury Lane, Houston, Texas 77031-2805 or wherever she may be found.

7. The Court has personal jurisdiction over Defendants based on both general and specific jurisdiction. For several years, each Defendant has done business in the State of Texas.

8. The Court has subject matter jurisdiction over this case based on federal question jurisdiction, specifically the FLSA.

9. Venue is appropriate under 29 U.S.C. § 1391(b)(1) ("A civil action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located").

## FACTUAL AND LEGAL BACKGROUND

10. UMI is an automotive dealer.

11. In 2013, Plaintiff responded to an advertisement off of Craig's List for a Porter position with UMI. UMI hired him. While ownership of the company always was in Ms. Haseeb's name, Mr. Haseeb ran UMI's day-to-day operations until earlier this year. At that point, Ms. Haseeb assumed UMI's day-to-day operations.

12. From 2013 to December 31, 2016, Defendants classified Plaintiff as an employee, and he received an IRS Form W-2 each year. Beginning on January 1, 2017, Defendants classified him as an independent contractor.

13. Regardless of his job classification, his duties always remained the same, namely, he straightened out cars in the parking lot; he went to auctions to pick up cars that were purchased; he took cars that needed to go to the body shop to the body shop, and he picked cars up from the body shop, he took cars that needed to go to the mechanic to the mechanic, and he picked cars up from the mechanic; he ran errands of various types; delivered cars; and helped around the office.

14. Plaintiff was not a salesman.

15. Plaintiff was not a mechanic.

16. Plaintiff was not a partsman.

17. At all times, Plaintiff reported to either Mr. or Mrs. Haseeb; he did not work for any other companies; his working conditions were controlled by Defendants; he had no bargaining power; and any tools of the trade were provided by Defendants.

18. At all times during the past three years, Plaintiff was paid an hourly rate.

19. Plaintiff typically worked a large amount of overtime hours. Defendants did not pay him overtime in the weeks in which he worked over 40 hours.

20. Accordingly, Defendants owe Plaintiff unpaid overtime and other damages provided for by the FLSA.

**FLSA CLAIM FOR OVERTIME PAY**

21. This action is authorized and instituted pursuant to the FLSA. 29 U.S.C. § 201, *et. seq*.

22. The FLSA generally requires that an employer employing an employee for a workweek exceeding 40 hours must provide compensation for all hours in excess of 40 at a rate of not less than one and one-half times the employee's regular rate. *See* 29 U.S.C. § 207(a)(1). There are some exemptions to this rule. Under the law, those exemptions are narrowly construed, and the burden of proof to establish them lies with the employer. *Vela v. City of Houston*, 276 F.3d 659, 666 (5th Cir. 2001). No exemption applies in this case.

23. All conditions precedent, if any, to this suit, have been fulfilled.

24. At all material times, Plaintiff was an employee under the FLSA. 29 U.S.C. § 203(e).

25. At all material times, Defendants were and are an eligible and covered employers under the FLSA. 29 U.S.C. § 203(d).

26. Plaintiff was not exempt from overtime under any of the FLSA's so-called "white collar" exemptions for many reasons, but in particular because he was not paid a salary.

27. Plaintiff was not exempt under the FLSA's Section 13(b)(10)(A) exemption because he was not a "salesman, partsman, or mechanic primarily engaged in selling or servicing automobiles, trucks, or farm implements." 29 U.S.C. § 213(b)(10)(A).

28. Plaintiff did not spend "the major part or over 50 percent" of his time "selling or servicing" vehicles. 29 C.F.R. § 772.372(d).

29. Plaintiff was not exempt from overtime under any other exemption allowed by the FLSA.

30. Plaintiff routinely worked in excess of 40 hours per seven-day workweek and Defendants knew or should have known that to be true.

31. Plaintiff was entitled to overtime compensation for hours worked over 40 in a seven-day workweek. 29 U.S.C. § 207(a)(1).

32. Defendants failed to pay Plaintiff overtime compensation for hours he worked over 40 in a seven-day workweek.

33. Accordingly, Plaintiff seeks overtime pay earned for the past three years.

34. Defendants' violation of the FLSA was and remains willful within the meaning of 29 U.S.C. § 255(a). *Singer v. City of Waco*, 324 F.3d 813, 821-22 (5th Cir. 2003) (upholding a jury finding of willfulness).

35. Plaintiff is entitled to and seeks liquidated damages. Under the FLSA, an employer who violates the overtime provisions is liable not only for the unpaid overtime compensation, but also for "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

36. Plaintiff is entitled to reasonable attorneys' fees. The FLSA provides that a court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant . . . ." *See* 29 U.S.C. § 216(b). *See, e.g., Saizan v. Delta Concrete Products Co., Inc.*, 448 F.3d 795, 800 n. 25 (5th Cir. 2006) (affirming attorney's fees award in FLSA case of over $100,000.00).

## JURY DEMAND

37. Plaintiff demands a jury trial.

## DAMAGES AND PRAYER

Plaintiff asks that the Court issue a summons for Defendants to appear and answer, and that Plaintiff be awarded a judgment against Defendants for the following:

    a. Actual damages in the amount of unpaid overtime wages under the FLSA;

    b. Liquidated damages under the FLSA;

    c.     Pre-judgment and post-judgment interest;

    d.     Court costs;

    e.     Reasonable attorneys' fees under the FLSA; and

    f.     All other relief to which Plaintiff is entitled under the FLSA.

Respectfully submitted,

OBERTI SULLIVAN LLP

By:   s/ Edwin Sullivan
       Edwin Sullivan
       State Bar No. 24003024
       S.D. Texas No. 24524
       712 Main Street, Suite 900
       Houston, TX 77002
       (713) 401-3555 – Telephone
       (713) 401-3547 – Facsimile
       ed@osattorneys.com – Email

ATTORNEY-IN-CHARGE FOR PLAINTIFF

OF COUNSEL:

OBERTI SULLIVAN LLP
712 Main Street, Suite 900
Houston, TX 77002
(713) 401-3555 – Telephone
(713) 401-3547 – Facsimile
ed@osattorneys.com – Email

ATTORNEYS FOR PLAINTIFF